UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cleone Hemingway and Rande Hemingway, | Civil No. 13-3379 (JRT/JJG) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| First National Insurance Company of America, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Defendant First National Insurance Company of America's Motion to Dismiss (ECF No. 6). The Honorable John R. Tunheim, United States District Judge, referred the motion to this Court in an Order dated January 7, 2014 (ECF No. 16). In response to the motion to dismiss, Plaintiffs Cleone Hemingway and Rande Hemingway requested leave to file an amended complaint. The Court granted leave to amend in an Order issued prior to this Report and Recommendation. If Plaintiffs timely file an amended complaint, Defendant's motion will be rendered moot, and the Court recommends that the motion be denied as moot. If Plaintiffs do not timely file an amended complaint, however, the Court recommends that the motion to dismiss be granted for the reasons set forth below.

I.  **Factual Allegations in the Complaint and Attached Exhibit**

In this breach-of-contract action, Plaintiffs Rande and Cleone Hemingway ("Plaintiffs") allege that Defendant First National Insurance Company of America ("Defendant") failed to provide insurance coverage for a partial roof collapse that occurred on March 24, 2008. The

following facts were pled in Plaintiffs' Complaint and the attached Affidavit of Rande Hemingway ("Hemingway").[1]

Plaintiffs own commercial property located at 106 State Highway 56 in Taopi, Minnesota. (Notice of Removal Ex. A (Compl.) ¶¶ I, II, IV, ECF No. 1-1.) They purchased a one-year policy of insurance from Defendant on July 12, 2007. (*Id.* ¶ VI.) On March 24, 2008, Plaintiffs noticed the partial collapse of a roof on the property. (*Id.* ¶ VII.) Plaintiffs believed the collapse was a covered loss under the policy and reported the loss to their insurance agent. (*Id.* ¶¶ VIII, IX.) Defendant investigated the report but did not assist Plaintiff in filing a claim. (*Id.* ¶ X.) On May 22, 2013, Plaintiffs sent Defendant an Affidavit of Loss and demanded coverage. (*Id.* ¶ XI.) On September 5, 2013, Defendant denied coverage. (*Id.* ¶ XII.)

Hemingway elaborated on the loss and his attempts to obtain coverage in an Affidavit dated May 22, 2013. (Notice of Removal Ex. B (Hemingway Aff.), ECF No. 1-2.) At the time of the loss, Hemingway was installing a new roof on a building on the property. (*Id.* ¶ 5.) After Hemingway reported the loss to Safeco Insurance ("Safeco"), the issuer of the policy, Safeco assigned the loss Claim No. 133006463015. (*Id.* ¶¶ 2-4.) Several contractors have since told Hemingway that the building is a total loss. (*Id.* ¶ 6.) Hemingway submitted the Affidavit as his formal proof of loss under the insurance policy. (*Id.* ¶ 7.) He asked Safeco to pay him $100,000 for the total loss of the building. (*Id.*)

**II.   Defendant's Motion and Facts Submitted by Defendant**

Defendant moves to dismiss Plaintiffs' claim on the ground that it is time-barred by the insurance policy's two-year limitation period. Defendant relies on three exhibits outside the pleadings: a copy of the insurance policy (Berglund Decl. Ex. A, ECF No. 9-1); the September 5,

---

[1] The Court considers Hemingway's Affidavit because it is embraced by the Complaint and does not contradict it. *See Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

2013, denial of coverage letter and attached correspondence (Berglund Decl. Ex. B, ECF No. 9-2); and a letter dated May 30, 2013, from Plaintiffs' counsel to Defendant, attaching Hemingway's Affidavit (Berglund Decl. Ex. C, ECF No. 19-1).

Generally, in considering a motion to dismiss, a court may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A court may make exceptions for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint. *Id.*

Here, the insurance policy is embraced by the Complaint and does not contradict any of its allegations. The Court therefore considers the relevant policy language, which provides that legal action must be commenced within two years of "the date on which the direct physical loss or damage occurred" (Berglund Decl. Ex. A at 33).[2]

With respect to Exhibit B to the Berglund Declaration, the Complaint refers to the September 5, 2013, letter, but not the attached correspondence, and the attached correspondence is inconsistent with the Complaint. For example, the Complaint suggests that Plaintiffs did not file a claim immediately after the 2008 collapse (Compl. ¶ X), yet an April 23, 2008, letter from Safeco confirms that Plaintiffs did file a claim (Berglund Decl. Ex. B at 117). Both the Safeco letter and an attached engineering report from Acuity Engineers, Inc. are inconsistent in general with Plaintiffs' claim that Defendant was contractually obligated to provide coverage for the roof collapse, because those documents indicate that the collapse was not a covered loss. (*Id.* at 115, 117-18.) While these documents may be material at a later time, the Court excludes Exhibit B from its present consideration.

---

[2] The Court refers to the page numbers of the exhibits attached to the Berglund Declaration by their final digits.

Exhibit C contains Hemingway's Affidavit, which is both referenced in and attached to the Complaint, and the Court thus considers it.

### III. Discussion

The Complaint alleges unequivocally that the loss occurred on March 24, 2008, when the roof collapsed. The insurance policy required Plaintiffs to commence litigation within two years of the date of loss, but Plaintiffs filed suit more than five years after the alleged loss. Under the existing allegations of the Complaint, Plaintiffs' claim is time-barred and should be dismissed.

Plaintiffs requested and obtained the Court's leave to amend their Complaint and assert a new theory of loss, however. If Plaintiffs timely file an amended complaint, Defendant's motion to dismiss will be moot, and the Court recommends it be denied as moot. On the other hand, if Plaintiffs do not timely file an amended complaint, Defendant's motion should be granted and the case dismissed.

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant First National Insurance Company of America's Motion to Dismiss (ECF No. 6) be **DENIED AS MOOT** if Plaintiffs timely file an amended complaint or, in the alternative, **GRANTED** if Plaintiffs do not timely file an amended complaint.

Dated:  February 27, 2014          s/ *Jeanne J. Graham*
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 14, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.