## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Cleone Hemingway and Rande Hemingway, | Civil No. 13-3379 (JRT/JJG) |
| Plaintiffs, | |
| v. | REPORT AND RECOMMENDATION |
| First National Insurance Company of America, | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Defendant First National Insurance Company of America's Second Motion to Dismiss (ECF No. 24). The Honorable John R. Tunheim, United States District Judge, referred the motion to this Court in an Order of Reference dated April 3, 2014 (ECF No. 30). For the reasons set forth below, the Court recommends that the motion be denied.

## I.   Background

Plaintiffs Rande and Cleone Hemingway ("Plaintiffs") initiated this action in Mower County District Court, alleging that Defendant First National Insurance Company of America ("Defendant") failed to provide insurance coverage for a partial roof collapse that occurred on March 24, 2008. Defendant removed the case to federal court on the basis of diversity jurisdiction and filed its first motion to dismiss on December 16, 2013.

Defendant's first motion to dismiss was predicated on the insurance policy's two-year limitation period for filing suit. Although the roof collapsed in 2008, Plaintiffs waited until 2013

to bring suit. In Plaintiffs' memorandum opposing the motion to dismiss, they asked for leave to amend the complaint to plead an "ongoing" or "progressive" loss theory, which they argued would save their claim from the limitation period. In an Order dated February 27, 2014, this Court granted leave to amend specifically so that Plaintiffs could plead a claim for breach of contract under a progressive loss theory:

> Justice requires that Plaintiffs be granted leave to file an amended complaint. While their existing allegations do not state a claim for relief, the Court cannot conclude at this time that Plaintiffs will not be able to state a claim for breach of contract under a progressive or ongoing loss theory.

(Order at 7, Feb. 27, 2014, ECF No. 21.) Correspondingly, the Court issued a Report and Recommendation ("R&R"), recommending that the motion to dismiss be denied as moot if Plaintiffs filed an amended complaint. (R&R at 1, Feb. 27, 2014, ECF No. 22.) Plaintiffs filed an amended complaint, and the R&R was adopted.

Contrary to the Court's Order, Plaintiffs did not allege an ongoing or progressive theory of loss in the amended complaint, but an entirely new theory. Plaintiffs now claim that their insurance agent, James Marx ("Marx") of Sterling Insurance Company ("Sterling"), told them the two-year limitation period did not apply as long as their claim was being investigated and in the process of being resolved. Plaintiffs further allege that Marx was acting as Defendant's agent under principles of agency law, and that Defendant waived or should be estopped from relying on the limitation period.

Defendant now moves to dismiss the amended complaint on two grounds. First, Defendant moves to dismiss the pleading because the amended allegations exceed the scope of leave to amend granted in the February 27 Order. Second, Defendant moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim, on the ground that Marx was acting as Plaintiffs' broker, not Defendant's agent, as a matter of law. As to the first argument, Plaintiffs admit that "careful scrutiny of the underlying facts" indicated no evidentiary basis for an ongoing theory of loss (Pls.' Opp'n Mot. Dismiss at 1, Apr. 16, 2014, ECF No. 33), but they make no apologies for propounding the ongoing loss theory as the basis for their request to amend. Plaintiffs also deny that the Court's February 27 Order imposed any restrictions on their ability to amend. In response to Defendant's second argument, Plaintiffs contend that whether Marx acted as Defendant's agent is a question of fact.

## II. Discussion

### A. Plaintiffs' Failure to Comply with the February 27 Order

Defendant asks the Court to strike Plaintiffs' amended complaint because the new allegations exceed the scope of leave to amend granted by the Court. A court may dismiss a new claim pled in an amended complaint when the amendment exceeds the scope of leave granted, *see Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012), although dismissal should be without prejudice, *see Campbell v. United States*, 375 F. App'x 254, 260 (3d Cir. 2010). If the noncompliant claim is dismissed, the offending party may then file a motion for leave to amend. *See Campbell*, 375 F. App'x at 260.

There can be no doubt from the language of the February 27 Order that leave to amend was granted only to allow allegations of a progressive or ongoing theory of loss. (Order at 4, 5-6, 7.) This was the sole basis advanced by Plaintiffs and the sole reason discussed in the Order. While dismissing the amended complaint for failure to comply with the February 27 Order would be entirely appropriate, dismissal would be without prejudice, and Plaintiffs would have the right to file a motion for leave to amend. This course of action would simply cause more delay and generate additional rounds of motion practice. While the Court certainly does not

condone Plaintiffs' disregard of the February 27 Order or their reliance on a legal theory for which they admittedly had no evidentiary support, the Court finds it is more efficient to proceed to the merits of the present motion.

**B.     Rule 12(b)(6)**

Defendant asks the Court to dismiss the amended complaint pursuant to Rule 12(b)(6) because Plaintiffs lack support for their position that Marx acted as Defendant's agent. Instead, Defendant asserts, the evidence will show that no agency relationship existed between Marx and Defendant.

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true the facts alleged in the Complaint and construes all reasonable inferences in the light most favorable to Plaintiffs. *See Butler v. Bank of America, N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the notice-pleading standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, in considering a motion to dismiss, a court may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A court may make exceptions for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint. *Id.*

### 1.      Breach of Contract

Plaintiffs make the same breach of contract allegations in their amended complaint as in their original complaint. To wit, Plaintiffs own commercial property located at 106 State Highway 56 in Taopi, Minnesota. (Am. Compl. ¶¶ I, II, IV, Mar. 13, 2014, ECF No. 23.) They purchased a one-year policy of insurance from Defendant on July 12, 2007. (*Id.* ¶ VI.) On March 24, 2008, Plaintiffs noticed the partial collapse of a roof on the property. (*Id.* ¶ VII.) Plaintiffs believed the collapse was a covered loss under the policy and reported the loss to Sterling. (*Id.* ¶¶ VIII, IX.) Defendant investigated the report and issued a preliminary coverage opinion but did not assist Plaintiff in filing a claim. (*Id.* ¶ X.) On May 22, 2013, Plaintiffs sent Defendant an affidavit of loss and demanded coverage. (*Id.* ¶ XI.) Defendant denied coverage on September 5, 2013. (*Id.* ¶ XII.)

The Court has previously considered the insurance policy as a document embraced by the pleadings (Order at 3, Feb. 27, 2014) and does so again here. The Court may also consider its own judicial orders. In either case, Plaintiffs were required by the policy to commence a legal action within two years of "the date on which the direct physical loss or damage occurred." (Berglund Decl. Ex. A at 33,[1] Dec. 16, 2013, ECF No. 9-1; Order at 3, Feb. 27, 2014.)

The amended complaint alleges that the loss occurred on March 24, 2008, when the roof collapsed. There is no mention of an ongoing loss or any other possible date of loss. Under the terms of the insurance policy, Plaintiffs had to commence litigation within two years of March 24, 2008. Plaintiffs filed suit more than five years after this date, however, and their breach of contract claim is therefore time-barred unless Defendant waived or is estopped from relying on the limitation period.

---

[1] The Court refers to the page number of this exhibit by its final digits.

## 2.    Waiver and Estoppel

To save their breach of contract claim, Plaintiffs bring a second, separate claim for waiver and estoppel. They allege the following relevant facts in their amended complaint. Plaintiffs purchased the insurance policy at issue from Marx, a Sterling insurance agent. (Am. Compl. ¶ XVII.) Marx assisted Plaintiffs in reporting their insurance claim, in his capacity as an agent for Defendant. (*Id.* ¶ XVIII.) Marx told Plaintiffs shortly before the two-year anniversary of the loss that the policy's limitation period did not apply as long as the investigation was ongoing and the claim was being resolved. (*Id.* ¶ XIX.) In reliance on that statement, Plaintiffs did not file suit before the limitation period expired. (*Id.* ¶ XX.) Plaintiffs believed Marx was acting as an agent of Defendant when he made the statement. (*Id.* ¶ XXI.) They assert that Defendant waived the application of the limitation period through Marx's statement and should be estopped from asserting it as a bar to their breach of contract claim.

To counter Plaintiffs' claim that a principal-agent relationship existed between Marx and Defendant, Defendant provides documents such as screenshots from Sterling's website and Sterling's agency agreement with Safeco Insurance. These documents are not matters of public record or embraced by the pleadings, and Defendant has provided them for the precise purpose of contradicting allegations in the amended complaint. As such, the Court must exclude the materials from consideration.

Defendant next asks the Court to convert the motion to dismiss into a motion for summary judgment so that the Court may consider the materials. Given the lack of notice to Plaintiffs and lack of opportunity to discover and present relevant evidence on the existence of an agency relationship, *see* Fed. R. Civ. P. 12(d), the Court finds conversion would not be

appropriate. The Court will limit its consideration of materials to the insurance policy and the allegations made in the amended complaint.

The amended complaint alleges that Marx operated as Defendant's agent under a principal-agent relationship when he sold the insurance policy to Plaintiffs, helped Plaintiffs file the claim, and said the limitation period would not apply while the claim was being resolved. Minnesota law does not foreclose the possibility that Marx was acting as Defendant's agent, rather than Plaintiffs' broker, in his dealings with Plaintiffs.[2] *See Graff v. Robert M. Swendra Agency, Inc.*, 800 N.W.2d 112, 118 n.5 (Minn. 2011). Indeed, under Minnesota statute, a person who sells, solicits, or negotiates insurance "is at all times the agent of the insurer and not the insured." Minn. Stat. §§ 60K.31, subd. 6; 60K.49. Representations made by an agent will "bind the insurer if the agent has actual, implied, or apparent authority to make such representations." *Graff*, 800 N.W.2d at 117. Here, accepting the alleged facts as true and drawing all reasonable inferences in Plaintiffs' favor, the Court concludes that Plaintiffs have sufficiently alleged a plausible agency relationship between Marx and Defendant.

### C.      Discovery

The success of Plaintiffs' breach of contract claim depends entirely on the existence of an agency relationship between Marx and Defendant. Defendant has asked the Court to approve a limited period of discovery on this issue so that Defendant may seek a dispositive ruling before engaging in full-blown discovery. Given the history of this case and the evidence and arguments submitted thus far, the Court find this a prudent suggestion. The Court will set an initial discovery schedule by separate order.

---

[2] There is no dispute that Minnesota law applies.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant First National Insurance Company of America's Second Motion to Dismiss (ECF No. 24) be **DENIED**.

Dated: May 28, 2014

       *s/ Jeanne J. Graham*
       JEANNE J. GRAHAM
       United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 12, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.